# EXHIBIT A

 **NEW YORK** STATE OF OPPORTUNITY. | **Department of Financial Services**

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK

Supreme Court, County of ROCKLAND

033986/2022

ROBIN SCHEUER AND JOHN SCHEUERK AS TRUSTEES OF     Plaintiff(s)
THE JOHN W SCHEUER 2000 TRUST,

against

Defendant(s)

United States Liability Insurance Company

RE :United States Liability Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department  Summons and Verified Complaint in the above entitled action on October 12, 2022 at Albany, New York. The $80.00 fe is also acknowledged.

Original to Attorney for Plaintiff(s):

GREENBLATT AGULINICK & DREMIN, P.C.,
SCOTT E. AGULNICK, ESQ.
55 NORTHERN BOULEVARD - SUTIE 302
GREAT NECK, New York 11021

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Attn: Shelley Palma
United States Liability Insurance Company
1190 Devon Park Drive
Wayne, Pennsylvania 19087

*Colleen Draper*

**Colleen Draper**
**Special Deputy Superintendent**

Dated Albany, New York, October 12, 2022
695710          aiicOtgw

| | |
|---|---|
| SUPREME COURT OF THE OF NEW YORK<br>COUNTY OF ROCKLAND | Index No. |
| ---------------------------------------------------------------X | Date Filed: |
| ROBIN SCHEUER and JOHN SCHEUER, as trustees of<br>the JOHN W SCHEUER 2000 TRUST, | **SUMMONS** |
| Plaintiff, | Plaintiff designates<br>ROCKLAND County. The |
| -against- | basis of the venue designated<br>is the situs of Plaintiff's |
| UNITED STATES LIABILITY INSURANCE<br>COMPANY, | property. |
| Defendant. | Plaintiffs' address:<br>199 N Broadway, |
| ---------------------------------------------------------------X | Nyack, New York 10960 |

## TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney an

answer to the Verified Complaint in this action within twenty (20) days after the service of this

summons, exclusive of the day of service, or within thirty (30) days after service is complete if

this summons is not personally delivered to you within the State of New York. In case of your

failure to answer, judgment will be taken against you by default for the relief demanded in the

Verified Complaint.

Dated: Great Neck, New York
       September 19, 2021

Yours, etc.,

**GREENBLATT AGULNICK KREMIN, P.C.**

By: _____

Scott E. Agulnick, Esq.
*Attorney for Plaintiffs*
**ROBIN   SCHEUER,   Trustee   JOHN   W
SCHEUER 2000 TRUST**
55 Northern Boulevard, Suite 302
Great Neck, New York 11021
Tel: (718) 352- 4800
Fax: (718) 732- 2110

1

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 033986/2022

RECEIVED NYSCEF: 09/19/2022

Defendant's Address:

**UNITED STATES LIABILITY INSURANCE COMPANY**
1190 Devon Park Drive
PO Box 6700
Wayne, PA 19087

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM          INDEX NO. 033986/2022
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 09/19/2022

SUPREME COURT OF THE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------X
ROBIN SCHEUER and JOHN SCHEUER, as trustees of
the JOHN W SCHEUER 2000 TRUST,

                                                      Index No.

                          Plaintiff,

             -against-                     **VERIFIED COMPLAINT**
                                                **WITH JURY DEMAND**

UNITED STATES LIABILITY INSURANCE
COMPANY,

                           Defendant.
------------------------------------------------------------------X

       Plaintiffs ROBIN SCHEUER and JOHN SCHEUER, as trustees of JOHN W SCHEUER

2000 TRUST, by their attorneys, GREENBLATT AGULNICK KREMIN, P.C., for its Verified

Complaint against the Defendant **UNITED STATES LIABILITY INSURANCE COMPANY**,

alleges as follows:

      1.       Plaintiffs ROBIN SCHEUER and JOHN SCHEUER, Trustee of JOHN W

SCHEUER 2000 TRUST are husband and wife with a residence at 199 N Broadway Nyack, New

York 10960 in the County of Rockland, State of York.

      2.       Plaintiffs own the real property commonly referred to as 90 N Broadway, Nyack,

New York 10960 in the County of Rockland, State of New York.

      3.       Defendant   UNITED   STATES   LIABILITY   INSURANCE   COMPANY

(hereinafter "USLI") is a foreign corporation licensed to issue property insurance policies and

conduct business in the State of New York with its principal offices located at 1190 Devon Park

Drive, PO Box 6700, Wayne, PA 19087.

4.      That USLI, its subsidiary, and/or agent is an insurance company licensed, admitted, engaging in, and authorized to engage in the business of liability and casualty insurance, including property insurance coverage in the State of New York, with offices for the transaction of business located within the State of New York.

5.      Plaintiffs brings this action against USLI with regard to Defendant USLI's frivolous and wrongful denial of Plaintiffs' insurance claim following a covered loss located at 90 N Broadway, Nyack, New York 10960, which occurred suddenly and accidentally on or about February 4, 2022, the facts and circumstances being more fully set forth below.

6.      The transaction of events and the real property/personal property that is the subject of this lawsuit was located within the County of Rockland, State of New York.

## THE INSURANCE POLICY

7.      At all times hereinafter alleged, Plaintiffs' owned and had an insurable interest in the building, contents, fixtures, completed additions, and completed operations located at 90 N Broadway, Nyack, New York 10960 (hereinafter the "Property").

8.      At all times hereinafter alleged, Plaintiffs' owned and had an insurable interest in the building, contents, fixtures, furniture, completed additions, and/or completed operations located at the Property.

9.      That USLI, its subsidiary, and/or agent issued an insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing policy number CP 1776687 (hereinafter referred to as the "Policy"), whereby it insured the Property therein against all risks of loss to the Property up to the limits contained therein, including physical loss caused by, *inter alia*, water damage from a pipe/plumbing system discharge. The Policy was signed by the authorized agents of USLI, its subsidiary, and/or agent.

4

10.     That at all relevant times herein, pursuant to the Policy, USLI its subsidiary, and/or agent agreed to insure the Plaintiffs for a term of twelve (12) months, against loss of Property caused by, *inter alia*, water damage from a pipe/plumbing system discharge. Defendant USLI, its subsidiary, and/or agent, during the policy term, agreed to indemnify Plaintiffs against loss or damage sustained at the Property.

## THE LOSS

11.     On or about February 4, 2022, and while the Policy was in full force and effect, water escaped and was discharged from a pipe/plumbing system at the Property which resulted in damage (hereinafter the "Loss").

12.     By reason of the above-mentioned occurrence, Plaintiffs has sustained a direct physical loss to the Property, as well as lost rents, in an amount to be determined at the time of trial but believed to be in excess of two hundred thousand dollars ($200,000.00).

13.     That USLI, its subsidiary, and/or agent, was notified of the Loss as soon thereafter as was practical (hereinafter the "Claim").

14.     Plaintiffs have submitted to USLI's request for a complete investigation of all the facts and circumstances surrounding the Loss, to the extent that such was requested by USLI.

15.     Plaintiffs have satisfied all conditions precedent to the instant suit.

16.     At all times mentioned, Plaintiffs have not obtained any other insurance upon the described property then mentioned herein.

17.     That on July 12, 2022, UNITED, through its counsel, denied the Claim (the "Denial Letter"). A copy of said Denial Letter is annexed hereto and incorporated by reference herein as EXHIBIT A.

5

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM          INDEX NO. 033986/2022
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 09/19/2022

18.     By reason of USLI's contractual undertaking to Plaintiffs pursuant to the Policy to properly evaluate and pay claims thereunder to the extent of Plaintiffs' loss up to the limits prescribed by the Policy, USLI owed and continues to owe Plaintiffs the duties of good faith and fair dealing in connection with the parties' contractual relationship.

19.     In accordance with the aforesaid duties of good faith and fair dealing, USLI and its agents, was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiffs' rights deriving from their contractual relationship with Insurance Company under the Policy.

20.     Notwithstanding the foregoing, USLI failed to carry out any substantive good faith investigation surrounding the Claim as is required under the duties of good faith and fair dealing and within the context of the ambiguities, which was exemplified throughout the Denial Letter, which alleged that Plaintiffs failed to do its "best" to maintain heat at the Subject Premises and otherwise failed to comply with the requirements of the Policy for coverage.

21.     That the term "do your best" is undefined in the Policy and ambiguous under the circumstances as are the protective safeguard provisions in the Policy, further exacerbated by the conflicting language in the Policy relevant to the instant Loss.

22.     That the Policy contains inherent conflicts, ambiguities, and is otherwise drafted in a manner which precludes USLI's denial as a matter of law.

23.     That irrespective of the latent ambiguities and conflicting language in the Policy, Plaintiffs satisfied the condition of doing his "best" to maintain heat, as the term would be understood by a reasonable person under the circumstances.

6

24.     That by way of its denial, USLI breached the policy by essentially disregarding the do their "best" to maintain heat provision, and instead interpreting it is such a manner as to render coverage for pipe freezes entirely illusory, despite the intention of the Policy.

25.     That had USLI investigated Plaintiffs' Claim with any semblance of good faith, it would have easily discovered that Plaintiffs used reasonable care in the maintenance of heat in the Property and satisfied the requirement to do their "best" to maintain heat any and any other requirement for coverage.

26.     That the aforesaid grounds for denial has no basis in the subject Policy, and defies both logic and common sense.

27.     By failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy, despite legal precedent, statutory authority, and/or contractual obligations of USLI, and the ambiguities and drafting errors in the Policy by USLI, USLI acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiffs.

28.     Furthermore, USLI and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216.

29.     The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives and conduct by insurers, their agents and representatives; deviating from the following is deemed unfair claim settlement practice thereunder:

a. Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.

b. Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.

7

Case 7:22-cv-09474  Document 1-1  Filed 11/04/22  Page 10 of 25

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM
NYSCEF DOC. NO. 1

INDEX NO. 033986/2022
RECEIVED NYSCEF: 09/19/2022

c. Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

d. Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

30. USLI violated the aforesaid Insurance Law, unnecessarily forcing the Plaintiffs to file suit.

31. USLI's actions toward Plaintiffs are part of a pattern and practice by Insurance Company to sell insurance policies to property owners and then subsequently take a position, wherever the opportunity arises, to minimize coverage or deny coverage in its entirety, treating their own insureds like fiscal enemies.

32. Part and parcel to USLI's obligations under the Policy is to investigate and assess Plaintiffs' claim in a good faith manner.

33. The expectation of the Plaintiffs, and a reasonable insured, is that the Defendant USLI will conduct an objective investigation of the Loss and apply standards based upon a proper interpretation and analysis of the relevant provisions of the Policy.

34. Instead of conducting such an objective investigation, Defendant USLI's scheme is to employ certain licensed professional engineers whose commitment and dedication to the insurance industry and avoidance of coverage is known throughout the industry.

35. Defendant's engineer's undertook their investigations without regard to the observations of parties with knowledge, without regard for material facts, and without regard for the rights of policyholders.

8

8 of 14

Case 7:22-cv-09474  Document 1-1  Filed 11/04/22  Page 11 of 25

36.     USLI's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest failure to carry out a contractual obligation.

37.     That USLI regularly denies payment on otherwise legitimate claims, setting forth frivolous grounds that are contrary to fact, law and common sense, and forces insureds to incur additional expenses and take legal action before they can be properly paid.

38.     By failing to fully indemnify Plaintiffs under the Policy, despite contractual obligations, legal precedent, and/or statutory authority, USLI has not only breached the Policy, but also acted in bad faith, breaching the duties of good faith and fair dealing owed to Plaintiffs.

39.     That UNITED regularly denies payment on otherwise legitimate claims, setting forth frivolous grounds that are contrary to fact, law and common sense, and which ignore ambiguities in the Policy, and forces insureds to incur additional expenses and take legal action before they can be properly paid.

### AND AS FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT AGAINST
### UNITED STATES LIABILITY INSURANCE COMPANY

40.     Plaintiffs repeats and re-alleges all allegations previously set forth in the instant Complaint as if more completely and fully set forth herein.

41.     By failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy and based upon their conduct as set forth above, USLI breached its obligation under the Policy with regard to the Loss at the Property, as well as their duty of good faith and fair dealing.

42.     As a result of Defendant USLI's breach, Plaintiffs has been damaged in an amount to be determined at the time of trial but believed to be in excess of two hundred thousand dollars ($200,000.00).

9

9 of 14

43.     As a further result of Defendant USLI's breach of contract and the duties of good

faith and fair dealing, Plaintiffs has suffered additional consequential damages in an amount to be

determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville

Insurance Company of New York line of cases, but believed to be in excess of fifty thousand

dollars ($50,000.00).

44.     That consequential damages were at all times foreseeable, in that it is foreseeable

that an insured will suffer additional losses when the defendant denies or improperly minimizes a

claim in bad faith.

45.     That it was both expected and foreseeable that Plaintiffs will sustain consequential

damages including, but not limited to, the loss of use and enjoyment of the property, inability to

make repairs due to the lack of insurance funds, the need to procure alternative funds, lost

opportunity costs, and stigmatized property.

## AND AS FOR A SECOND CAUSE OF ACTION
## DECLARATORY RELIEF AGAINST
## UNITED STATES LIABILITY INSURANCE COMPANY

46.     Plaintiffs repeats and re-alleges all allegations in the instant Verified Complaint as

if more completely and fully set forth herein.

47.     The rights, status and other legal relations to Plaintiffs and Insurance Company are

uncertain and the entry of declaratory judgment by this Court will resolve the uncertainty and

controversy that have given rise to this proceeding.

48.     That Plaintiffs' legally protectable interest under the Policy is present and such

interest is directly at issue, by virtue of Defendant's failure to make full payment of the Claim, in

addition to the Plaintiffs' ability to demand appraisal under the Policy to determine the amount of

the Loss once coverage is determined.

10

49. A very real and justiciable controversy exists to which Plaintiff has no alternative remedy.

50. That Plaintiffs' seek and is entitled to a declaratory judgment setting forth that USLI is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced policy as it/they pertains to the subject loss, and must make payment for the subject loss to the full extent of the policy limits, comply with appraisal if demanded to determine the total amount and scope of the Loss, and make payment of recoverable depreciation.

**WHEREFORE,** Plaintiffs **ROBIN SCHEUER and JOHN SCHEUER as trustees of JOHN W SCHEUER 2000 TRUST** demands judgment against Defendant UNITED STATES LIABILITY INSURANCE COMPANY as follows:

a. Under the FIRST Cause of Action, as against UNITED STATES LIABILITY INSURANCE COMPANY, damages in an amount to be determined at trial but believed to be in excess of two hundred thousand dollars ($200,000.00), and additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of fifty thousand dollars ($50,000.00);

b. Under the Third Cause of Action, a Declaratory Judgment that UNITED STATES LIABILITY INSURANCE COMPANY is now and continues to be bound by, must abide by, and must perform in accordance with all covenants, provisions, forms, and endorsements as set forth in the above-referenced policy as it/they pertains to the subject loss, and must make payment for the subject loss to the full extent of the policy limits, comply with appraisal if demanded to

11

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM

NYSCEF DOC. NO. 1

INDEX NO. 033986/2022

RECEIVED NYSCEF: 09/19/2022

determine the total amount and scope of the Loss, including those portions referenced in the Partial

Denial, and make payment of recoverable depreciation;.

    c.       Pre-judgment interest from the date of the denial, and post-judgment interest on

the amounts awarded, together with the costs and disbursements of this action;

    d.       JURY TRIAL ON ALL ISSUES; and,

    d.       Granting such other relief as the Court may deem just and proper.

Dated:      Great Neck, New York
           September 19, 2022

Yours, etc.,

**GREENBLATT AGULNICK KREMIN, P.C.**

By: _____

Scott E. Agulnick, Esq.
*Attorney for Plaintiffs*
**ROBIN SCHEUER and JOHN SCHEUER as
Trustees of JOHN W SCHEUER 2000 TRUST**
55 Northern Blvd., Suite 302
Great Neck, New York 11021
Tel: (718) 352- 4800
Fax: (718) 732- 2110

12

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury:

I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and, upon information and belief, believe the contents thereof to be true. The basis of my belief is a review of the file maintained in my office. The reason I make this verification is because my client does not reside within the county in which I maintain my office.

Dated:      Great Neck, New York
            September 19, 2022

SCOTT E. AGULNICK



July 12, 2022

John W Scheuer 2000 Trust
199 N. Broadway
Nyack, NY 10960
ATTN: Robin Sheuer

### *Via Certified Mail and First Class Mail*

RE:   Claim No.:              0-12882
      Reported date of loss:  02/04/2022
      Policyholder:           John W Scheuer 2000 Trust
      Policy Number:          CP 1776687
      Policy Effective Dates: 01/18/2022 to 01/18/2023
      Issuing Company:        United States Liability Insurance Company

Dear William Brown:

United States Liability Insurance Company (the "Company") received notice of the above captioned claim on February 7, 2022, for water damage at 90 N Broadway, Nyack, NY 10960 location that occurred on or about February 4, 2022. Upon receipt, the Company hired the independent adjustment firm LaMarche Associates to investigate on its behalf.

Coverage for this situation is being sought under policy CP 1776687 (the "Policy") which carries a $770,000 limit of insurance for Building subject to a $1,000 per occurrence deductible for damage caused by covered causes of loss.

We have completed our review of this matter. The original adjuster reported to us that he confirmed water damage. He also confirmed the water damage was caused by frozen pipes. He was unable to determine if there was enough heat maintained in the building to prevent frozen pipes. In order to determine the amount of heat, we hired Forensic Consultants of North America, LLC (FCNA).

The engineer from FCNA inspected and also gathered fuel usage records. He provided us with the following conclusions:

1. Average temperature rise calculated based on gas use for the second floor space do not support the insured's stated setpoint of 55°-60°F.
2. Lack of heat in the first floor space contributed to the low temperatures experienced on the second floor. The nine (9) degree temperature rise calculated for the second floor is not accurate due to heat transfer to the first floor.
3. Cause of loss is a reported split pipe which occurred as a result of cold temperatures experienced in the apartments. As the wall where the loss occurred

BERKSHIRE HATHAWAY COMPANIES

1190 DEVON PARK DRIVE • P.O. BOX 6700 • WAYNE, PA 19087 • 610-688-2535 • 888-523-5545 • FAX 610-688-4391

United States Liability Insurance Company • Mount Vernon Fire Insurance Company • U.S. Underwriters Insurance Company
Mount Vernon Specialty Insurance Co. • Radnor Specialty Insurance Co.

USLI.COM • DEVONPARKSPECIALTY.COM

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM
NYSCEF DOC. NO. 2

INDEX NO. 033986/2022
RECEIVED NYSCEF: 09/19/2022

John W Scheuer 2000 Trust
0-12882
July 12, 2022
Page 2

is exposed to the rear entry door, infiltration around the door edges may have played a part in the loss.

4. Low temperatures experienced after January 20, 2022 resulted in a pipe freeze in the upstairs apartment (refer to NOAA temperatures). Water expanding in the pipe caused a split at the leak location.

5. Thaw of piping likely occurred on or about February 2, 2022 with the resulting leak in the split pipe being found on the date of loss (refer to NOAA temperatures).

6. Based on the gas usage documented by Orange and Rockland Utilities, the volume of gas used did not provide adequate heat to prevent a freeze in the building.

7. No determination could be made as to the proper operation of the heating equipment at the time of loss.

Explained in more detail below, the Policy does not provide coverage for the claimed damage because heat was not maintained to a level to prevent the pipes from freezing and therefore we respectfully deny your request for payment.

We refer you to your policy form **CP 00 10 06 07**, the **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, which states the following:

#### A. Coverage

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

#### 1. Covered Property

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.,** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

**a. Building,** meaning the building or structure described in the Declarations...

The above-cited language states that the policy provides coverage for direct physical loss of or damage to Covered Property caused by or resulting from any Covered Cause of Loss. If loss or damage is caused by or results from something other than a Covered Cause of Loss, the policy does not provide coverage. Please refer now to your policy form **CP 10 30 06 07**, the **CAUSES OF LOSS – SPECIAL FORM** which states the following in relevant part:

#### B. Exclusions

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM        INDEX NO. 033986/2022
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 09/19/2022

John W Scheuer 2000 Trust
0-12882
July 12, 2022
Page 3

\*\*\*

**2.** We will not pay for loss or damage caused by or resulting from any of
the following:

\*\*\*

**g.** Water, other liquids, powder or molten material that leaks or flows
from plumbing, heating, air conditioning or other equipment
(except fire protective systems) caused by or resulting from
freezing, unless:

**(1)** You do your best to maintain heat in the building or structure;
or
**(2)** You drain the equipment and shut off the supply if the heat is
not maintained.

We also refer you to your policy form **CP 101 (06-08)**, the **MAINTENANCE OF HEAT
CONDITION** which states in relevant part:

It is a condition of this policy that the Insured shall maintain heat in the
building(s) and other structure(s) covered under this policy under the
control of the Insured to prevent freezing of plumbing, heating and/or fire
protective systems. Failure to comply with this provision of the policy
shall void coverage for loss or losses caused by or resulting from, directly
or indirectly, the freezing of plumbing, heating and/or fire protective
systems.

The above policy language in both policy forms points out heat needed to be maintained to prevent
freezing of plumbing or the water lines drained. Neither occurred in this situation.

In addition, we refer you to your policy form **CP 142 (04-14)**, **Protective Devices Or Services
Provisions**, which states in relevant part:

**Protective Devices Or Services Provisions**

**SCHEDULE**

| Premises Number | Building Number | Protective Safeguard Symbols Applicable | Description of Protective Safeguard | Effective Date |
|---|---|---|---|---|
| All | All | P-23 | Maintain heat at a level throughout building | 01/18/2022 |

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM

NYSCEF DOC. NO. 2

INDEX NO. 033986/2022

RECEIVED NYSCEF: 09/19/2022

John W Scheuer 2000 Trust
0-12882
July 12, 2022
Page 4

to prevent pipes from freezing

The following is added to the policy:

## A. Protective Safeguards

1. As a condition of this insurance, you are required to have and maintain the protective devices or services listed in the Schedule above.
2. The protective safeguards to which this endorsement applies are identified by the following symbols:

    \*\*\*

    **W.** "P-23" Maintain heat at a level throughout the building to prevent pipes from freezing.

    \*\*\*

3. The following is added to the EXCLUSIONS section of:

    \*\*\*

    ## c. Causes of Loss - Special Form

    \*\*\*

    With respect to "P-22"and "P-23" we will not pay for loss or damage caused by or resulting from "water damage", if prior to the "water damage" you:

    1) Know of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
    2) Failed to maintain any protective safeguard listed in the Schedule above and over which you had control in complete working order.

    For the purpose of this endorsement "water damage" means:

    1) Accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of any part of a system or appliance containing water or steam;
    2) Loss or damage caused by or resulting from freezing.

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM    INDEX NO. 033986/2022

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 09/19/2022

John W Scheuer 2000 Trust
0-12882
July 12, 2022
Page 5

The above policy language further points out heat needed to be maintained to prevent freezing of plumbing. This did not occur, therefore there is no coverage for this loss.
For the reasons stated above, the Policy does not provide coverage for this matter. This determination is based upon all information available to me at this time. If you have additional information or legal authority that you believe may affect the Company's position regarding coverage for this claim, or you obtain such information or authority in the future, I would be happy to review the same at any time. There may be other reasons for which coverage does not exist for this matter, and the failure to enumerate each and every potential ground for a coverage denial does not mean that the Company has waived any rights under the Policy. The Company's position may be subject to change if additional facts and legal theories are developed and we reserve all of our rights under the Policy.

We recommend you report this matter to any other insurance that may provide coverage.

Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the department either on its website at http://www.dfs.ny.gov/consumer/fileacomplaint.htm or you may write to or visit the Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: One State Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 1399 Franklin Avenue, Garden City, NY 11530; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202.

If you have information that we should review that may change our coverage opinion or you have any questions or do not understand the contents of this letter, you may contact me at mberry@usli.com or 888-523-5545 x2509.

Sincerely,

Michael Berry
Property Claim Examiner

Enclosure: Engineer Report

cc      (via email)
        Griffin Underwriting Services
        msherk@gogus.com

        Don Dietrich Inc.
        ddietrich@allstate.com

FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM

NYSCEF DOC. NO. 2

INDEX NO. 033986/2022

RECEIVED NYSCEF: 09/19/2022

John W Scheuer 2000 Trust
0-12882
July 12, 2022
Page 6

Yadira Urina
yadiraurena3@allstate.com

Robin Sheuer
robinlaw50@mac.com

**FILED: ROCKLAND COUNTY CLERK 09/19/2022 12:31 PM**
NYSCEF DOC. NO. 1

INDEX NO. 033986/2022
RECEIVED NYSCEF: 09/19/2022

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

ROBIN SCHEUER, Trustee of JOHN W SCHEUER 2000 TRUST,

        Plaintiff,

    -against-

UNITED STATES LIABILITY INSURANCE COMPANY,

        Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**GREENBLATT AGULNICK KREMIN, P.C.**
*Attorneys for Plaintiff*
*Office and Post Office Address, Telephone*
55 Northern Blvd, Suite 302
Great Neck, New York 11021
Tel:  (718) 352- 4800
Fax:  (718) 732- 2110
"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:
Attorney(s) for

**Certification pursuant to 22 NYCRR 130-1.1(a)**
It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in section 130-1.1(c).

09/19/2022
Dated

SCOTT E. AGULNICK, ESQ.

Service of a copy of the within      is hereby **admitted**

Attorney(s) for

14

14 of 14



# NYSCEF Confirmation Notice
## Rockland County Supreme Court

The NYSCEF website has received an electronic filing on 09/19/2022 12:31 PM. Please keep this notice as a confirmation of this filing.

### 033986/2022

### ROBIN SCHEUER and JOHN SCHEUER, as trustees of the JOHN W SCHEUER 2000 TRUST v. UNITED STATES LIABILITY INSURANCE COMPANY
### Assigned Judge: None Recorded

## Documents Received on   09/19/2022 12:31 PM

**Doc #**    **Document Type**

1           SUMMONS + COMPLAINT

2           EXHIBIT(S) A

## Filing User

Scott E Agulnick | sagulnick@gaklawfirm.com | 718-352-4800
55 Northern Boulevard Suite 302, Great Neck, NY 11021

## E-mail Notifications

An email regarding this filing has been sent to the following on 09/19/2022 12:31 PM:

**SCOTT E. AGULNICK - sea@nylaw1.com**

## Email Notifications NOT Sent

| **Role** | **Party** | **Attorney** |
|---|---|---|
| Respondent | UNITED STATES LIABILITY INSURANCE COMPANY | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.



# NYSCEF Confirmation Notice
## Rockland County Supreme Court

The NYSCEF website has received an electronic filing on 09/19/2022 12:31 PM. Please keep this notice as a confirmation of this filing.

### 033986/2022

### ROBIN SCHEUER and JOHN SCHEUER, as trustees of the JOHN W SCHEUER 2000 TRUST v. UNITED STATES LIABILITY INSURANCE COMPANY
#### Assigned Judge: None Recorded

## Documents Received on   09/19/2022 12:31 PM

**Doc #**     **Document Type**

1             SUMMONS + COMPLAINT

2             EXHIBIT(S) A

## Filing User

Scott E Agulnick | sagulnick@gaklawfirm.com | 718-352-4800
55 Northern Boulevard Suite 302, Great Neck, NY 11021

## E-mail Notifications

An email regarding this filing has been sent to the following on 09/19/2022 12:31 PM:

**SCOTT E. AGULNICK - sea@nylaw1.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | UNITED STATES LIABILITY INSURANCE COMPANY | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Donna G. Silberman, silbermd@co.rockland.ny.us**
Phone: 845-638-5094     Fax: 845-638-5221     Website: http://rocklandgov.com/departments/clerks-office/

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Attn: Shelley Palma
United States Liability Insurance Company
1190 Devon Park Drive
Wayne, Pennsylvania 19087