UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBIN SCHEUER and JOHN SCHEUER, as trustees of the JOHN W SCHEUER 2000 TRUST,

Plaintiff,

-against-

UNITED STATES LIABILITY INSURANCE COMPANY,

Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/27/2023__

7:22-cv-09474 (NSR)

ORDER and OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Robin Scheuer and John Scheuer, as trustees of John W Scheuer 2000 Trust ("Plaintiffs"), bring this action against United States Liability Insurance Company ("USLI" or "Defendant") alleging breach of contract and seeking declaratory relief. (ECF No. 1, Verified Complaint (hereinafter "Compl.") ¶¶ 41, 47.) The instant lawsuit was removed from the New York Supreme Court, County of Rockland, on November 4, 2022. (ECF No. 1, Notice of Removal.)

Presently before the Court is USLI's motion to dismiss Plaintiffs' claim for breach of implied covenant of good faith and fair dealing and consequential damages and USLI's motion to strike Plaintiffs' allegations in paragraphs 28 to 39 of the Verified Complaint. (ECF No. 13 (hereinafter "USLI's Mem.") at 12–13.) For the following reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part, and Defendant's motion to strike is GRANTED in part and DENIED in part.

1

**FACTUAL BACKGROUND**

The following facts are taken from Plaintiffs' Verified Complaint and are construed in the light most favorable to Plaintiffs, the non-movant, and accepted as true for purposes of the motions.

Plaintiffs Robin Scheuer and John Scheuer are husband and wife who own the real property referred to as 90 N Broadway, Nyack, New York 10960 in the County of Rockland, State of New York (hereinafter, the "Property"). (Compl. ¶ 1.) On or about February 4, 2022, water escaped and was discharged from a pipe/plumping system at the Property which resulted in damage (hereinafter, the "Loss"). (Compl. ¶ 11.) During the time of this Loss, the Property was insured under USLI's property insurance policy ("Policy"). (Compl. ¶ 10.)

Plaintiffs requested USLI to investigate all the facts and circumstances surrounding the Loss, and expected USLI to pay Plaintiffs' claims for the Loss. (Compl. ¶¶ 14, 18.) On July 12, 2022, USLI denied Plaintiffs' insurance claim for the Loss, reasoning that the Loss was due to Plaintiffs' failure to maintain heating at the Property, which USLI claimed is not covered under the Policy. (Compl. ¶ 17, Exh. A (USLI's letter denying claim, dated July 12, 2022.)

On or about September 19, 2022, Plaintiffs commenced this action by filing a Summons and Verified Complaint against USLI in the Supreme Court of the State of New York, County of Rockland, under Index No. 033986/2022. (Notice of Removal ¶ 1.) On November 4, 2022, USLI filed a Notice of Removal to federal court. (*Id*. at 3.) On November 17, 2022, the Court granted Defendant leave to file a motion to dismiss and a motion to strike (ECF No. 10), which was fully briefed on February 1, 2023 (ECF No. 11.)

**LEGAL STANDARD**

    **I.    Motion to Dismiss**

On a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir.2010). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555).  The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

    **II.**    **Motion to Strike**

Rule 12(f) provides in relevant part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to create a clear mechanism for the Court to save time and expense by eliminating certain items from pleadings when the items clearly lack merit, and also for the court to dispose of irrelevant allegations. *See Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by

dispensing with' them early in the case."). "[T]o prevail on a Rule 12(f) motion to strike, the movant must show '(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant.'" *Lynch v. Southampton Animal Shelter Found., Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (quoting *Roe v. City of New York*, 151 F.Supp. 2d 495, 510 (S.D.N.Y. 2001)).

## DISCUSSION

### I. Motion to Dismiss Plaintiffs' Claim for Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant argues that the Verified Complaint's first cause of action for breach of contract actually should be construed to raise two separate causes of action: one for breach of contract and another for breach of implied duty of good faith and fair dealing. (USLI's Mem. at 4.) As such, Defendant seeks to dismiss Plaintiffs' "implied duty of good faith and fair dealing cause of action," arguing that "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Id.* (citing *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002)). Plaintiffs assert that they did not allege a separate cause of action for breach of the implied covenant of good faith and fair dealing, and rather, they raised allegations for breach of the implied covenant in order to support their cause of action for breach of contract. (ECF No. 14 ("Pl.'s Opp.") at 3.) The question here is whether the Court should view Plaintiffs' first cause of action claim as raising two separate causes of action for breach of contract and the implied covenant of good faith and fair dealing, and if so, if the Court should dismiss Plaintiffs' good faith and fair dealing claim.

4

New York courts recognize that all insurance contracts have an implied covenant of good faith and fair dealing, such that the insurer has the duty to the insured to "investigate in good faith and pay covered claims." *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 194, 886 N.E.2d 127 (2008) (quoting from *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]). Breach of the implied duty of good faith and fair dealing "is merely a breach of underlying contract." *Geler v. Nat'l Westminster Bank USA*, 770 F. Supp. 210, 215 (S.D.N.Y. 1991); *see also Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992); *see also In re New York Skyline, Inc.*, 471 B.R. 69, 89 (Bankr. S.D.N.Y. 2012). "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim is also pled based on the same facts." *Woodhams v. Allstate Fire and Cas. Co.*, 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010), *aff'd*, 453 Fed. Appx. 108 (2d Cir. 2012) (quoting *Vitrano v. State Farm Ins. Co.*, No. 08 Civ. 103, 2008 WL 2696156, at *3 (S.D.N.Y. July 8, 2008)) (internal quotation omitted, alteration in original).

What Defendant fails to recognize is that a party is able to allege breach of an implied duty of good faith and fair dealing as part of general breach of contract claim. *See Woodham.* at 223 (allegations of breach of implied covenant of good faith and fair dealing could be pled together with breach of contract allegations when based on the same facts but cannot be raised as separate causes of action if duplicative). Pleading both is problematic when a party seeks to raise duplicative causes of action under both breach of contract and breach of the implied covenant of good faith and fair dealing and seek separate damages on both claims. *See Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002) (quoting *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243–44 (S.D.N.Y. 1997)).

Here, the Court finds that Plaintiffs plead only one claim for breach of contract wherein they allege that the Defendant breached its implied duty of good faith and fair dealing to support their claim. Plaintiffs do not assert a second and separate cause of action for breach of the implied duty of good faith and fair dealing. *See Roman Cath. Diocese of Rockville Ctr. v. Gen. Reinsurance Corp.*, No. 16 CIV. 02063 (CM), 2016 WL 5793996, at *3 (S.D.N.Y. Sept. 23, 2016) ("While the Plaintiff does include factual allegations that Defendant breached its implied covenant of good faith and fair dealing, and accordingly seeks consequential damages, Plaintiff pleads these allegations as part of its breach of contract count.").

Accordingly, the motion to dismiss the alleged breach of contract claim must be DENIED.

## II.  Motion to Dismiss Plaintiffs' Claim for Consequential Damages

USLI also moves to dismiss Plaintiffs' claim for consequential damages (Compl. ¶¶ 43–45) and argues that Plaintiffs failed to state a claim for consequential damages, or alternatively, Plaintiffs should provide a more definite statement regarding such damages (USLI's Mem. at 5, 8).

In *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of New York* (hereinafter, "*Bi-Economy*"), the New York Court of Appeals set forth three necessary elements to establish a claim for consequential damages arising out of a breach of contract claim: "that (1) such consequential damages were a natural and probable consequence of the breach of contract, (2) were or should have been foreseeable, and (3) were reasonably contemplated by the contracting parties at the time the policy was issued." *Roman Cath. Diocese*, 2016 WL 5793996, at *5 (citing *Bi-Economy*, 10 N.Y.3d at 192).  To determine whether consequential damages were reasonably contemplated by the parties, courts must look to "the nature, purpose and particular circumstances of the contract known by the parties . . . as well as what liability the defendant fairly may be supposed to have

6

assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made. *Bi-Economy*, 10 N.Y.3d at 192-93. In addition, as both parties acknowledge, "the policyholder need not point to an express contract provision or specific language permitting the recovery of consequential damage." *Roman Cath. Diocese*, 2016 WL 5793996, at *5.

In support of Defendant's motion to dismiss the claim for consequential damages, USLI argues that Plaintiffs fail to allege sufficient facts in support of the third element of the *Bi-Economy* factors. (ECF No. 15 (hereinafter "USLI's Reply.") at 4.) Specifically, Defendant alleges in the Verified Complaint that Plaintiffs fail to reasonably contemplate the consequential damages. (*Id.*) USLI points out that in the Verified Complaint, "Plaintiffs merely allege that they "suffered additional consequential damages in an amount to be determined at the time of trial… pursuant to the *Bi-Economy* line of cases." (*Id.* (citing Compl. ¶ 43.)). Defendant further argues that "consequential damages are not automatically available under every insurance policy, and simply stating, without more, that such damages are recoverable 'pursuant to the *Bi-Economy* . . . line of cases' does not mean that USLI and Plaintiffs contemplated such damages when the Policy was issued." (USLI's Reply at 4 (citing Compl. ¶ 43.)).

Defendant alternatively argues that the allegations for consequential damages are so ambiguous that Plaintiffs should provide a more definite statement regarding such damages under Fed. R. Civ. P. 12(e). Under Rule 12 (e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The defendant "must point out the defects complained of and the details desired." *C.D.S., Inc. v. Zetler*, 198 F. Supp. 3d 323, 338–39 (S.D.N.Y. 2016). Plaintiffs argue that they sufficiently alleged consequential damages, but that

in the alternative, they should be granted leave to amend the complaint to address any deficiency. (Pl.'s Opp. at 8.)

The Court finds that Plaintiffs fail to adequately plead sufficient facts to support a claim for consequential damages. Simply citing to "the line of Bi-Economy cases" in the Verified Complaint to support their claim for consequential damages does not satisfy the requisite pleading requirements. Mere recitation of legal conclusions, arguments or caselaw, without more, are not the equivalent of factual allegations.

The Court therefore GRANTS Defendant's motion to dismiss without prejudice Plaintiffs' claim for consequential damages.

### III.    Motion to Strike

Defendant moves to strike Plaintiffs' allegations in paragraphs 28–39 of the Verified Complaint. (USLI's Mem. at 11.) Defendant argues that because Plaintiffs' claim for breach of implied duty of good faith and fair dealing should be dismissed, these allegations regarding Defendant's conduct have no bearing on Plaintiffs' claim for breach of contract, and thus these allegations are irrelevant and inadmissible. (*Id*.) Defendant also argues that the allegations are prejudicial and offensive. (*Id*.) The allegations in the Verified Complaint can be summarized as follows: (1) USLI's actions toward Plaintiffs are part of a pattern and practice by USLI to sell insurance policies to property owners and then subsequently take a position to minimize coverage or to deny coverage in its entirety, "treating their own insureds like fiscal enemies" (Compl. ¶ 31); (2) instead of conducting such an objective investigation, Defendant USLI's scheme is to employ certain licensed professional engineers whose commitment and dedication to the insurance industry and avoidance of coverage is known throughout the industry (*id*. ¶ 34); (3) the engineers hired by USLI undertook their investigations without regard for the rights of the policyholders (*id*.

¶ 35); (4) USLI's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest failure to carry out a contractual obligation and that by failing to fully indemnify Plaintiffs under the Policy USLI has not only breach the Policy, but also acted in bad faith, breaching the duties of good faith and fair dealing owned to Plaintiffs (*id*. ¶¶ 36, 38); and (5) USLI regularly denies payment on otherwise legitimate claims (*id*. ¶ 39).

Plaintiffs contends that Defendant cannot contest the admissibility of evidence to support the allegations it seeks to strike and fails to demonstrate that these allegations have no bearing on the issues in this case. (Pl.'s Opp. at 12.)  The Plaintiffs also contend that USLI fails to demonstrate that Defendant will suffer prejudice sufficient to warrant striking these allegations. (*Id.* at 15.)

The Court finds that Plaintiffs' allegation that USLI is "treating their own insureds like fiscal enemies" is inflammatory and irrelevant to Plaintiffs' claims, and therefore GRANTS Defendant's motion to strike that specific portion alleged in paragraph 31 of the Verified Complaint. (Compl. ¶ 31); *Low v. Robb*, No. 11-CV-2321 JPO, 2012 WL 173472, at *10 (S.D.N.Y. Jan. 20, 2012) (noting that "character attacks that do not assert any facts . . . are [not] immune to Rule 12(f)"); *see also Morse v. Weingarten*, 777 F. Supp. 312, 319 (S.D.N.Y. 1991) (holding that reference to facts that have no merits of the case "serves no purpose except to inflame the readers"). Accordingly, the motion to strike is GRANTED as to this part of allegations.

With respect to the other allegations, the Court find that they are not prejudicial or offensive such that they should be stricken under Fed. R. Civ. P. 12(f).  These factual allegations are relevant to Plaintiffs' breach of contract claim that Defendant violated their implied duty of good faith and fair dealing and request for consequential damages. At this stage of the proceeding, Defendant should not be able to contest whether the Plaintiffs' allegations are true or not. As long as an allegation "has have some 'possible bearing on the subject matter of the [Plaintiffs'] claim,"

9

offending the sensibilities of Defendant is not a sufficient ground to strike those allegations. *Schoolcraft v. City of New York*, 299 F.R.D. 65, 67 (S.D.N.Y. 2014) (quoting *Velez v. Lisi*, 164 F.R.D. 165, 167 (S.D.N.Y.1995)). Furthermore, Defendant's "concern about prejudice resulting from the jury seeing the allegedly irrelevant, scandalous, or inflammatory material is unfounded . . . jury will only see such allegations if the Court ultimately determines that they are relevant and admissible under the Federal Rules of Evidence." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 67 (E.D.N.Y. 2011). Accordingly, the motion to strike is DENIED as to the rest of the allegations.

## CONCLUSION

For the reasons discussed above, the Court (i) DENIES Defendant's motion to dismiss Plaintiff's sole breach of contract claim sounding in breach of good faith and fair dealing; (ii) GRANTS Defendant's motion to dismiss without prejudice the claim for consequential damages; and (iii) DENIES in part and GRANTS in part Defendant's motion to strike, granting Defendant's motion to strike "treating their own insureds like fiscal enemies" in paragraph 31 of the Verified Complaint, but denying the motion to strike as to all other allegations.

The Court GRANTS Plaintiffs leave to file an amended complaint consistent with the instant Opinion and Order on or before July 27, 2023. In the event Plaintiffs timely files an amended complaint, Defendant is directed to file an answer or seek leave of Court, pursuant to the Court's Individual Rule 3(A), to move for the appropriate relief, on or before August 28, 2023.

The Court respectfully directs the Clerk to terminate the motion at ECF No. 11.

Dated: June 27, 2023
    White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE